## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS R. RIVERA MARQUEZ** | : | |
| **1111 Altamont Boulevard** | : | |
| **Frackville, PA 17931-2699** | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.:  08-CV-** |
| | : | |
| **LANCASTER COUNTY** | : | |
| **c/o Lancaster County Commissioner's** | : | |
| **Office, 50 North Duke Street,** | : | |
| **Lancaster, PA 17602** | : | |
| **and** | : | |
| **JAMES G. HINKSON, Jr.,** | : | |
| **individually and in his official capacity** | : | |
| **as Corrections Officer for the** | : | |
| **Lancaster County Prison** | : | |
| **146 Townhouse** | : | |
| **Hershey, PA 17033-2322** | : | |
| **and** | : | |
| **VINCENT GUARINI,** | : | |
| **individually and in his official capacity as** | : | |
| **Warden of the Lancaster County Prison** | : | |
| **625 East King Street** | : | |
| **Lancaster, PA 17602** | : | |
| **and** | : | |
| **LANCE SEIBERT,** | : | |
| **individually and in his official capacity as** | : | |
| **Deputy Warden of the Lancaster** | : | |
| **County Prison** | : | |
| **625 East King Street** | : | |
| **Lancaster, PA 17602** | : | |
| | | |
| **ROBERT BODNAR,** | : | |
| **individually and in his official capacity** | : | |
| **as Associate Warden for the Lancaster** | : | |
| **County Prison** | : | |
| **625 East King Street** | : | |
| **Lancaster PA 17602** | : | |
| **and** | : | |
| **EDWARD KLINOVSKI,** | : | |
| **individually and in his official capacity** | : | |
| **as Major for the Lancaster County Prison:** | | |

**625 East King Street**                          :
**Lancaster PA 17602**                            :
     **and**             :
**RAYMOND HEHNLEY,**                              :
**individually and in his official capacity**     :
**as Lieutentant for the Lancaster**              :
**County Prison**                                 :
**625 East King Street**                          :
**Lancaster PA 17602**                            :
     **and**             :
**JAMES WOLFE**                                   :
**individually and in his official capacity**     :
**as Sargent for the Lancaster**                  :
**County Prison**                                 :
**625 East King Street**                          :
**Lancaster PA 17602**                            :
     **and**             :
**CORRECTIONS OFFICER PAXTON**                    :
**individually and in his official capacity**     :
**as Corrections Officer for the Lancaster**      :
**County Prison**                                 :
**625 East King Street**                          :
**Lancaster PA 17602,**                           :
     **Defendants**      :

## CIVIL ACTION COMPLAINT

## INTRODUCTION

1.    This is an action for money damages against Lancaster County and Corrections Officer James G. Hinkson, Jr. (hereinafter Hinkson),  Warden Vincent Guarini (hereinafter Guarini), Deputy Warden Lance Seibert (hereinafter Seibert), Associate Warden Robert Bodnar (hereinafter Bonar), Major Edward Klinovski (hereinafter Kilinovski), Lieutenant Raymond Hehnley (hereinafter Hehnley), Sargent James Wolfe (hereinafter Wolfe), and Corrections Officer Paxton (hereinafter Paxton) for the violation of the Plaintiff's constitutional rights.

2.    Plaintiff alleges that Defendant James G. Hinkson, with reckless disregard for the

safety of the Plaintiff, unlawfully sexually and physically assaulted the Plaintiff while he was an inmate at Lancaster County Prison on or about October 30, 2006, resulting in personal injury to the Plaintiff.

3.      Plaintiff alleges that Defendants Lancaster County, Warden Guarini, Deputy Warden Seibert Associate Warden Bodnar, James Hinskon, Major Klinovski, Lieutenant Hehnley, and Sargent Wolfe failed to adequately and properly supervise and train Defendant Hinkson, thereby permitting the excessive use of force and sexual assault of inmates, and in fact it was this lack of supervision and training that caused the Plaintiff to be subjected to excessive use of force and sexual assault by corrections officer Hinkson.

4.      Plaintiff alleges that defendants Guarini, Seibert, Bodnar, Klinovski, Hehnley, Wolfe, and Paxton knew of past incidents of physical and/or sexual assault by defendant Hinkson and knew of the risk for further assaults, but failed to protect other inmates including plaintiff.

5.      The actions of Defendants Guarini, Seibert, Bodnar, Hinkson, Klinovski, Hehnley, Wolfe and Paxton were without legal justification thereby violating Plaintiff's Rights under the laws and Constitution of the United States in particular the Eighth and Fourteenth Amendments of the U.S. Constitution, 42 USC §1983 and his rights under the Constitution and laws of the Commonwealth of Pennsylvania.

6.      By sexually assaulting the Plaintiff without provocation and failing to prevent the assault, Defendants Guarini, Seibert, Bodnar, Hinkson, Klinovski, Hehnley, Wolfe and Paxton directly violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of the Lancaster County Prison and the County of Lancaster regarding the excessive use of force and sexual contact with inmates.

7.      Plaintiff alleges that Defendants Lancaster County, Guarini, Seibert, Bodnar,

Klinovski, Hehnley, and Wolfe failed to provide training and supervision concerning the rights of

inmates, sexual contact with inmates and the lawful use of force by corrections officers,

amounting to gross negligence and /or reckless and/or deliberate indifference to the safety and

lives of the inmates within the prison.

8.    Further, Defendants Guarini and Lancaster County are directly liable and

responsible for the acts of Defendant Hinkson because they repeatedly and knowingly failed to

enforce the laws and guidelines of the Commonwealth of Pennsylvania and the regulations of the

Lancaster County Prison and Lancaster County pertaining to the use of force by corrections

officers thereby creating within the Lancaster County Prison Corrections Department an

atmosphere of lawlessness in which corrections officers sexually assault and use excessive and

illegal force and violence in the belief that such acts will be condoned and justified by their

superiors.

9.    Plaintiff files the within Civil Action Complaint and requests judgment against

Defendants jointly, severally and in the alternative in a sum in excess of $150,000.00 plus

punitive damages, interest, costs, attorneys fees pursuant 42 USC §1988 and damages for delay.

**JURISDICTION**

10.    This action is brought pursuant to 42 U.S.C.§1983 and the Eighth and Fourteenth

Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. Section

1331 and 1343, and the aforementioned statutory and constitutional provisions.  Plaintiff further

invokes pendant jurisdiction of this court to consider claims arising under state law.

**PARTIES**

11.    Plaintiff Luis R. Rivera Marquez (hereinafter Rivera Marquez), is and was at all

material times a citizen of the United States.  At the time of the incident, the Plaintiff was an

inmate at the Lancaster County Prison located at 625 East King Street, Lancaster, Pennsylvania, 17602.  Plaintiff is currently an inmate at the Frackville Correctional Institution at 1111 Altamont Boulevard, Frackville, PA 17931-2699.

12.    Defendant Lancaster County is and at all times relevant to this Complaint was a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located at the above address in the County of Lancaster and at all times relevant employed Defendants Guarini, Seibert, Bodnar, Hinkson, Klinovski, Hehnley, Wolfe and Paxton  Lancaster County Prison is and at all times relevant to this Complaint was the Lancaster County Corrections Institution which is operated under the direction of the Lancaster County Commissioners in Lancaster County.  The prison is located at 625 East King Street, Lancaster, Pennsylvania 17602.

13.    Defendant James G. Hinkson, Jr., was at all times relevant a duly appointed and acting Corrections Officer of the County of Lancaster and the Lancaster County Prison.  At all times relevant, Defendant Hinkson was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County.  He is being sued individually and in his official capacity as a Lancaster County Corrections Officer.

14.    Defendant Vincent Guarini was, at all times relevant as described in this Complaint, the Warden of the Lancaster County Prison and was acting in his capacity as the agent, servant and employee of the Defendant, Lancaster County Prison and Lancaster County.  As Warden he was the commanding officer of Defendant Hinkson and was responsible for the training, supervision and conduct of Defendant Hinkson as more fully set forth below.  He is also responsible by law for enforcing the regulations of the County of Lancaster Corrections Department and for ensuring that Lancaster County Corrections Officers obey the laws of the

Commonwealth of Pennsylvania and the United States. He is being sued individually and in his official capacity as Warden for the Lancaster County Prison.

15.     Defendant Lance Seibert was, at all times relevant as described in this Complaint, the Deputy Warden of the Lancaster County Prison and was acting in his capacity as the agent, servant and employee of the Defendant, Lancaster County Prison and Lancaster County.   As Deputy he was responsible for the training, supervision and conduct of Defendant Hinkson as more fully set forth below. He is also responsible by law for enforcing the regulations of the County of Lancaster Corrections Department and for ensuring that Lancaster County Corrections Officers obey the laws of the Commonwealth of Pennsylvania and the United States. He is being sued individually and in his official capacity as Warden for the Lancaster County Prison.

16.     Defendant Associate Warden Bodnar (hereinafter Bodnar) was, at all times relevant as described in this Complaint, the Associate Warden of the Lancaster County Prison and was acting in his capacity as the agent, servant and employee of the Defendant, Lancaster County.  As Associate Warden, he was responsible for the training, supervision and conduct of Defendant Hinkson as more fully set forth below.  He is also responsible by law for enforcing the regulations of the County of Lancaster Corrections Department and for ensuring that Lancaster County Corrections Officers obey the laws of the Commonwealth of Pennsylvania and the United States.  He is being sued individually and in his official capacity as Associate Warden for the Lancaster County Prison.

17.     Defendant Major Edward Klinovski was, at all times relevant as described in this Complaint, the Major of the Lancaster County Prison and was acting in his capacity as the agent, servant and employee of the Defendant, Lancaster County.  As Major, he was responsible

for the training, supervision and conduct of Defendant Hinkson as more fully set forth below.  He is also responsible by law for enforcing the regulations of the County of Lancaster Corrections Department and for ensuring that Lancaster County Corrections Officers obey the laws of the Commonwealth of Pennsylvania and the United States.  He is being sued individually and in his official capacity as Major for the Lancaster County Prison.

18.    Defendant Liutentant Hehnley was, at all times relevant as described in this Complaint, a Liutentant of the Lancaster County Prison and was acting in his capacity as the agent, servant and employee of the Defendant, Lancaster County Prison and Lancaster County. As Liutentant he was the shift supervisor and was responsible for the training, supervision and conduct of Defendant Hinkson as more fully set forth below.  He is also responsible by law for enforcing the regulations of the County of Lancaster Corrections Department and for ensuring that Lancaster County Corrections Officers obey the laws of the Commonwealth of Pennsylvania and the United States.  He is being sued individually and in his official capacity as Liutenant for the Lancaster County Prison.

19.    Defendant James Wolfe was, at all times relevant as described in this Complaint, the Sargent with the Lancaster County Prison and was acting in his capacity as the agent, servant and employee of the Defendant, Lancaster County Prison and Lancaster County. As Sargent, he was the immediate supervisor of Defendant Hinkson and was responsible for the training, supervision and conduct of Defendant Hinkson as more fully set forth below.  He is also responsible by law for enforcing the regulations of the County of Lancaster Corrections Department and for ensuring that Lancaster County Corrections Officers obey the laws of the Commonwealth of Pennsylvania and the United States.  He is being sued individually and in his official capacity as Sargent for the Lancaster County Prison.

20.    Defendant Corrections Officer Paxton was, at all times relevant as described in this Complaint, a corrections officer of the Lancaster County Prison and was acting in his capacity as the agent, servant and employee of the Defendant, Lancaster County Prison and Lancaster County. He is also responsible by law for enforcing the regulations of the County of Lancaster Corrections Department and for ensuring that Lancaster County Corrections Officers obey the laws of the Commonwealth of Pennsylvania and the United States.  He is being sued individually and in his official capacity as corrections officer for the Lancaster County Prison.

21.    At all times relevant hereto, and in all the actions described herein, Defendants Hinkson, Guarini, Bodnar, Klinvoski, Hehnley, Wolfe, and Paxton were acting under color of law and pursuant to their authority as Corrections Staff for the Lancaster County Prison in the Lancaster County.

**CAUSE OF ACTION**

**FIRST COUNT**
**PLAINTIFF v. DEFENDANT**
**CORRECTIONS OFFICER JAMES G. HINKSON**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21, the same as if set forth at length.

22.    On or about October 30, 2006 Plaintiff, Luis R. Rivera Marquez, was lawfully present and in the Lancaster County Prison.

23.    On or about October 30, 2006, at about 5 a.m. Defendant Hinkson came into Plaintiff Rivera Marquez cell and groped him while Plaintiff was sleeping.  Plaintiff rejected Defendant's advances and Defendant left the cell.

24.    Following the aforesaid incident, at about 7:15 a.m. Defendant demanded that

Plaintiff accompany him to the supply room and required Plaintiff to perform sexual acts upon Defendant.

25.    At the aforesaid date, time and place, Defendant Hinkson threw Plaintiff Rivera Marquez against the steel metal shelves in the supply room and injured Plaintiff's arm, after which he sexually assaulted the Plaintiff.

26.    In injuring the Plaintiff, Defendant Hinkson through physical abuse and sexual assault, directly violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of the Lancaster County Prison and Lancaster County concerning the care of, treatment of, and sexual contact with inmates.

27.    As a direct and proximate result of the aforesaid actions of Defendant Hinkson the Plaintiff suffered severe personal injuries including but not limited to the following: lacerations and contusions to his arm; sexual assault; severe mental and emotional suffering; humiliation; embarrassment; and severe emotional and mental distress all of which maybe permanent in nature.

28.    Defendant Hinkson injured the Plaintiff without just and legal cause, and with reckless indifference to the safety of the Plaintiff, thereby violating Plaintiff's rights under the laws and constitution of the United States in particular 42 USC §1983 and the Eighth and Fourteenth Amendments to the U.S. Constitution and the Plaintiff's rights under the constitution and laws of the Commonwealth of Pennsylvania.

29.    As a further direct and proximate result of the aforesaid actions of Defendant Hinkson, the Plaintiff incurred various medical expenses in an effort to effect a cure for his injuries and is expected to suffer such loss in the future all to his great detriment and loss.

30.    As a direct and proximate result of the above described unlawful, reckless,

arbitrary, intentional and malicious acts of Defendant Hinkson, committed under color of his

authority as Corrections Officer of the Lancaster County Prison in Lancaster County and while

acting in that capacity, Plaintiff Rivera Marquez, suffered grievous harm all of which is in

violation of his rights under the laws and the Constitution of the United States, in particular the

Eighth Amendments thereof and 42 U.S.C. Section 1983.

31.    Plaintiff was the victim of summary punishment at the hands of Defendant

Hinkson.  The punishment administered was grossly disproportionate to whatever Plaintiff's acts

may have been, constituted cruel and unusual punishment, and deprived him of his right to due

process of law under the laws and Constitution of the United States in particular the Eighth and

Fourteenth Amendments thereof.  The injury inflicted on Plaintiff by Defendant Hinkson was

unwarranted cruel, arbitrary, reckless, inhumane, unjustifiable and excessive.

32.    As a further result of the above described acts, Plaintiff Rivera Marquez was

deprived of the rights and immunities secured to him under the Constitution and laws of the

United States and the Commonwealth of Pennsylvania, to be secure in his person and to be free

from punishment without due process.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally and in

the alternative, in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorney

fees and damages for delay.

## SECOND COUNT
## PLAINTIFF v. DEFENDANTS GUARINI, SEIBERT, BODNAR, KLINOVSKI, HEHNLEY, AND WOLFE

Plaintiff incorporates by reference the allegations contained in paragraphs 1

through 32, the same as if set forth at length.

33.    On October 30, 2006 Defendant Warden Guarini, Seibert, Bodnar, Klinovski,

Hehnley, and Wolfe (hereinafter Defendant Supervisors) were the supervisors of Defendant

Hinkson.

34.    As Warden, Deputy Warden, Associate Warden, and ranking officers of Lancaster

County Prison, it is the Defendant Supervisors' responsibility to assure that corrections officers

act within the course and scope of their authority as corrections officers and do not violate the

laws and statutes of the United States and the Commonwealth of Pennsylvania as well as the

rules and regulations of the Lancaster County Prison in Lancaster County concerning the

excessive use of force and sexual abuse.

35.    On the date in question Defendant supervisors knew that Defendant Hinkson had

physically abused and sexually assaulted other men and boys and was at a substantial risk to

commit similar abuses against inmates at the Lancaster County Prison.

36.    Despite Defendant Supervisors' knowledge of Defendant Hinkson's prior conduct,

Defendant Supervisors allowed Defendant Hinkson to attend to the inmates unsupervised and

unmonitored thereby violating Plaintiff's rights under the laws and Constitution of the United

States in particular 42 USC §1983 and the Eighth and Fourteenth Amendments to the United

States Constitution and the Plaintiff's rights under the Constitution and laws of the

Commonwealth of Pennsylvania.

37.    Defendant Supervisors' actions and omissions in failing to enforce the laws and

regulations concerning the use of force and sexual contact with inmates was without provocation

or legal justification. Defendant Supervisors' actions and omissions were willful, malicious

and/or deliberately indifferent intentionally placed Plaintiff in extreme personal danger thereby

violating Plaintiff's rights under the laws and Constitution of the United States in particular 42

USC §1983 and the Eighth Amendment and Plaintiff's rights under the Constitution and laws of

the Commonwealth of Pennsylvania.

38.     As a direct and proximate result of the aforesaid acts and omissions of Defendant supervisors, Plaintiff Rivera Marquez suffered severe personal injuries including but not limited to the following: lacerations and contusions to his arm; sexual assault; severe mental and emotional suffering; humiliation; embarrassment; and severe emotional and mental distress all of which may be permanent in nature.

39.     The acts and omissions of Defendant supervisors in permitting or encouraging the injury to the Plaintiff was without just and legal cause, with reckless indifference to the safety of the Plaintiff, thereby violating Plaintiff's rights under the laws and Constitution of the United States in particular 42 U.S.C.§1983 and the Eighth and Fourteenth Amendments to the U.S. Constitution and Plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

40.     As a result of the acts and omission of Defendant supervisors, Plaintiff Rivera Marquez was the victim of summary punishment at the hands of Defendant Hinkson.  The punishment administered was grossly disproportionate to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived him of his right to due process of law under the laws and Constitution of the United States in particular the Eighth and Fourteenth Amendments thereof.

41.     As a further result of the above described acts, Plaintiff Rivera Marquez was deprived of the rights and immunities secured to him under the Constitution and laws of the United States and the Commonwealth of Pennsylvania, to be secure in his person and to be free from punishment without due process.

42.     Defendant supervisors subjected the Plaintiff to these deprivations of his rights

either maliciously, arbitrarily or by acting with reckless disregard for whether the Plaintiff's rights would be violated by his actions.  As a direct and proximate result of the acts and omissions of the Defendant supervisors, Plaintiff suffered severe personal injuries as described in paragraph 27-29.

WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorney fees and damages for delay.

### THIRD COUNT
### PLAINTIFF v. DEFENDANT PAXTON

Plaintiff incorporate by reference the allegations contained in paragraphs 1 through 42, the same as if set forth at length.

43.    As a corrections officer, it is defendant Paxton's duty to report incidents of physical and/or sexual assault by other corrections officers to responsible supervisors and to prevent its occurrence.

44.    On the date in question, Defendant Paxton knew that Defendant Hinkson had physically abused and sexually assaulted other men and boys and was at a substantial risk to commit similar abuses against inmates at the Lancaster County Prison.

45.    Despite Defendant Paxton's knowledge of Defendant Hinkson's prior conduct, Defendant Paxton failed to report known incidents of abuse to responsible supervisors and failed to prevent Defendant Hinkson from physically and sexually assaulting Plaintiff thereby violating plaintiff's rights under the laws and Constitution of the United States in particular 42 USC §1983 and the Eighth Amendment to the United States Constitution and the Plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

46.    Defendant Paxton's actions and omissions in failing to enforce the laws and regulations concerning the use of force and sexual contact with inmates was without provocation or legal justification.  Defendant Paxton's actions and omissions were willful, malicious and/or deliberately indifferent and intentionally placed plaintiff in extreme personal danger thereby violating plaintiff's right under the laws and constitution of the United States in particular 42 USC §1983 and the Eighth Amendment and plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

47.    As a direct and proximate result of the aforesaid acts and omissions of Defendant Paxton, Plaintiff Rivera Marquez suffered severe personal injuries including but not limited to the following: lacerations and contusions to his arm; sexual assault; severe mental and emotional suffering; humiliation; embarrassment; and severe emotional and mental distress all of which may be permanent in nature.

48.    The acts and omissions of Defendant Paxton in permitting or encouraging the injury to the Plaintiff was without just and legal cause, with reckless indifference to the safety of the Plaintiff, thereby violating Plaintiff's rights under the laws and Constitution of the United States in particular 42 U.S.C.§1983 and the Eighth and Fourteenth Amendments to the U.S. Constitution and Plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

49.    As a result of the acts and omissions of Defendant Paxton, Plaintiff Rivera Marquez was the victim of summary punishment at the hands of Defendant Hinkson.  The punishment administered was grossly disproportionate to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived him of his right to due process of law under the laws and Constitution of the United States in particular the Eighth and Fourteenth

Amendments thereof.

50.     As a further result of the above described acts, Plaintiff Rivera Marquez was deprived of the rights and immunities secured to him under the Constitution and laws of the United States and the Commonwealth of Pennsylvania, to be secure in his person and to be free from punishment without due process.

51.     Defendant Paxton subjected the Plaintiff to these deprivations of his rights either maliciously, arbitrarily or by acting with reckless disregard for whether the Plaintiff's rights would be violated by his actions.  As a direct and proximate result of the acts and omissions of the Defendant supervisors, Plaintiff suffered severe personal injuries as described in paragraph 27-29.

**FOURTH COUNT**
**PLAINTIFF v. MUNICIPAL DEFENDANTS**
**WARDEN VINCENT GUARINI AND LANCASTER COUNTY**

Plaintiff incorporate by reference the allegations contained in paragraphs 1 through 51, the same as if set forth at length

52.     Prior to October 30, 2006, Municipal Defendants Warden Vincent Guarini, and Lancaster County Prison and Lancaster County, permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force and sexual assault in that:

    (a)    Municipal Defendants failed to adequately discipline or prosecute or deal with known incidents of abuse of corrections officer's powers and improper use of force by officers;

    (b)    Municipal Defendants refused to investigate complaints of previous

incidents of abuse of corrections officer's powers and improper use of

force by corrections officer and, instead, officially claimed that such

incidents were justified and proper and or consensual; and

(c)     By means of both inaction and cover-up of such abuse of corrections

officer's powers and excessive use of force by officers, Municipal

Defendants led Defendant Hinkson, to believe that such abuse of

corrections officer's powers and improper use of force was permissible.

53.     Municipal Defendants have maintained either no system or an inadequate system
of review of the use of force or sexual abuse by corrections officers which system has failed to
identify instances of abuse or to discipline or closely supervise or retrain corrections officers who
improperly use force.  Upon information and belief, the system deficiencies include but are not
limited to:

(a)     Preparation of investigative reports designed to vindicate the abuse of

powers regardless of whether such actions were justified;

(b)     Preparation of investigative reports which uncritically rely solely on the

word of corrections officers involved in the incidents and which

systematically fail to credit testimony by non-corrections officer witnesses;

(c)     Preparation of investigative reports which omit factual information and

physical evidence which contradict accounts of the corrections officers

involved;

(d)     Issuance of public statements exonerating officers involved in such

incidents prior to the conclusion of investigation;  and

(e)     Failure to review investigative reports by responsible superior officers for

accuracy or completeness and acceptance of conclusions which are

unwarranted by the evidence or which contradicts such evidence.

54.    On information and belief, municipal Defendants also maintained a system of

grossly inadequate training pertaining to the law of permissible use of force and sexual conduct

with inmates.

55.    The foregoing acts, omissions and systemic deficiencies or policies and customs

of municipal Defendants have caused corrections officers of municipal Defendants to be unaware

of the rules and laws governing the use of force and sexual contact with inmates and to believe

that the use of force including sexual contact is entirely within the discretion of the officer and

that improper excessive use of force would not be honestly and properly investigated, all with the

foreseeable result that officers are more likely to engage in excessive use of force including

sexual assault in situations where such force is neither necessary nor reasonable nor legal.

56.    Municipal Defendants failed to promulgate and enforce a policy relating to the use

of force and sexual conduct which is not in violation of the laws of the Commonwealth of

Pennsylvania and the United States Constitution thereby causing and encouraging corrections

officers, including Defendant Hinkson, to violate the rights of citizens such as Plaintiff.

57.    Municipal Defendants failed to properly sanction or discipline officers who are

aware of and subsequently conceal and/or aid and abet violations of constitutional rights of

citizens including Eighth Amendment rights violations by other Lancaster County correction

officers thereby causing and encouraging officers, including Defendants to violate the rights of

citizens such as Plaintiff.

58.    Municipal Defendants have intentionally and/or with conscious indifference to the

danger of harm to citizens like Plaintiff, established a system which fails to identify, track or

report instances of improper use of force and sexual assault and which is used by municipal

Defendants to conceal the extent to which corrections officers engage in such abuse of powers.

59.     The foregoing acts, omissions and systemic deficiencies of policies, practices and

customs of municipal Defendants have caused corrections officers of municipal Defendant,

including Defendant Hinkson to be unaware of or to disregard the rules and laws governing the

situations under which it is permissible to engage in the use of force and to believe that the

excessive use of force against inmates without just cause is a proper corrections officer practice,

entirely within the discretion of the officer and that excessive use of force resulting in injuries

would not be honestly and properly investigated, all with the foreseeable result that officers,

including Defendant Hinkson, are more likely to engage in sexual contact and use excessive of

force in situations where such action is neither necessary, reasonable nor legal.

60.     At no time, either prior to employment of Defendant corrections officer Hinkson

or after assignment to duty, whereby it was foreseeable that Defendant would be required to use

force with prison inmates, did Municipal Defendants take reasonable steps to ascertain whether

Defendant Hinkson was emotionally capable of performing such corrections officer duties and

did not have a propensity to violence and sexual abuse, or  administer well-known standard tests

to ascertain Defendant's personality.

61.     Defendants Warden Guarini and Lancaster County as a matter of policy and

practice, have with deliberate indifference failed to adequately train, discipline, sanction or

otherwise direct corrections officers concerning the rights of citizens, and inmates particularly

the Eighth and Fourteenth Amendment rights of the U.S. Constitution, thereby causing the

Defendant corrections officer in this case to engage in the unlawful conduct described above.

62.     Defendants Warden Guarini and Lancaster County as a matter of policy and

practice, have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct staff, including the Defendants involved in this case, who are aware of and subsequently conceal violations of the constitutional rights of inmates by other staff members, thereby causing and encouraging staff members, including defendants in this case, to engage in unlawful conduct and violations of the Plaintiff's Eighth Amendment rights.

63.    Defendants, Warden Guarini and Lancaster County, are directly liable for their own acts and omissions specifically with regard to the failure to train and the promulgation of violations of the Plaintiff's Eighth and Fourteenth Amendment rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

64.    As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of Municipal Defendants, Defendant Hinkson violated Plaintiff's Eighth and Fourteenth Amendment rights through the acts and omissions more specifically described above thereby causing severe personal injuries more specifically set forth in paragraphs 27-29 of Plaintiff's complaint.

WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorney fees and damages for delay.

## FIFTH COUNT
## PLAINTIFF v. DEFENDANT HINKSON

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 64, the same as if set forth at length.

65.    At all times relevant, Defendant Hinkson was acting as corrections officer of the

Defendant Lancaster County, acting at all times within the course and scope of his authority.  The acts of Defendant Hinkson, as alleged in the proceeding paragraphs constitute the torts of assault and battery all to the Plaintiff's great detriment and loss.

66.    The acts of Defendant Hinkson alleged in the preceding paragraphs deprived Plaintiff of his rights, privileges and immunities under the laws and the Constitution of the Commonwealth of Pennsylvania, in particular, the right to be secure in his person and property, to be free from excessive punishment, and the right to due process, secured to him by Article I, Sections 1, 8, 9, 13, and 26 of the Pennsylvania Constitution, all to his great detriment and loss.

WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorney fees and damages for delay.

**SIXTH COUNT**
**<u>PLAINTIFF v. ALL DEFENDANTS</u>**

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 66 the same as if set forth at length.

67.    The acts of Defendants alleged in the preceding paragraphs constitute violations of Plaintiff's Constitutional Rights under the Eighth Amendment and 42 U.S.C. §1983.

68.    Plaintiff is entitled to attorneys fees for the work performed by his attorneys in this action pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorney fees and damages for delay.

**SEVENTH COUNT**
**PLAINTIFF v. DEFENDANTS HINKSON, GUARINI, SEIBERT,**
**BODNAR, KLINOVSKI, HEHNLEY, WOLFE AND PAXTON**

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 68, the same as if set forth at length.

69.    The herein described conduct of Defendants Hinkson and Guarini, Seibert, Bodnar, Klinovski, Hehnley, Wolfe, and Paxton was malicious, wanton, willful, reckless and intentionally designed to inflict grievous harm and mental distress upon the person of the Plaintiff.

70.    As a result of malicious, wanton, willful, reckless and intentional conduct of Defendants, Plaintiff demands punitive damages.

WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorney fees and damages for delay.

**EIGHTH COUNT**

**JURY DEMAND**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 70, the same as if set forth at length.

71.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorney fees and damages for delay.

CRYSTLE, ALLEN & BRAUGHT, LLC


BY: _____

KEVIN C. ALLEN, ESQUIRE,
Attorney for Plaintiff,
DATE: _____    Luis R. Rivera Marquez

## **VERIFICATION**

I, **LUIS R. RIVERA MARQUEZ**, verify that the statements made in the foregoing **COMPLAINT** are true and correct.  Plaintiff understands that false statements herein are made subject to the penalties of the 18 Pa.C.S.A.§4904 relating to unsworn falsification to authorities.

Date:_____                    _____

                                                              Luis R. Rivera Marquez