IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUIS RIVERA MARQUEZ : NO. 5:08-CV-05152-JS
VS. :
LANCASTER COUNTY ET AL. :

### DEFENDANT HINKSON ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMAIVE DEFENSES

Defendant James G. Hinkson, Jr. answer to Plaintiff's Complaint with Affirmative Defenses regarding the above-captioned matter.

### INTRODUCTION

1. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

2. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

3. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

4. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

5. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

6. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

7. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

8. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

9. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

**JURISDICTION AND VENUE**

10. Admitted in part; Denied in part. It is admitted only that this court has jurisdiction as plaintiff has alleged violations of federal statutes and supplemental jurisdiction over state law claims. The remaining averments are denied as stated. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

**PARTIES**

11. Admitted in part; Denied in part. It is admitted only that Plaintiff was incarcerated at Lancaster County Prison. The remaining averments are denied as conclusions of law. As to any remaining factual averments they are denied as to answering defendant is without sufficient information and knowledge with which to respond to same.

12. Admitted in part; Denied in part. It is admitted only that the prison is located at 625 East King Street, Lancaster, PA 17602. The remaining averments are denied as answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

13. Admitted in part; Denied in part. It is admitted only that James G Hinkson, Jr. was employed as a correctional officer at Lancaster County Prison. The remaining averments are denied as conclusions of law.

14. Admitted in part; Denied in part. It is admitted only that Warden Vincent Guarini is the warden of Lancaster County Prison. The remaining averments are denied as conclusions of law.

15. Admitted in part; Denied in part. It is admitted only that Lance Seibert is Deputy Warden of Lancaster County Prison. The remaining averments are denied as conclusions of law.

16. Admitted in part; Denied in part. It is admitted only that Robert Bodnar is the Associate Warden of Lancaster County Prison. The remaining averments are denied as conclusions of law.

17. Admitted in part; Denied in part. It is admitted only that Major Edward Klinovski is the Major for Lancaster County Prison. The remaining averments are denied as conclusions of law.

18. Admitted in part; Denied in part. It is admitted only that Lieutenant Hehnly was a Lieutenant at Lancaster County Prison. The remaining averments are denied as conclusions of law.

19. Admitted in part; Denied in part. It is admitted only that James Wolfe was a Sergeant at Lancaster County Prison. The remaining averments are denied as conclusions of law.

20. Admitted in part; Denied in part. It is admitted only that Corrections Officer Paxton was employed as a correctional officer at Lancaster County Prison. The remaining averments are denied as conclusions of law.

21. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

## FIRST COUNT
### Plaintiff v. Defendant
### Corrections Officer James G Hinkson, Jr.

Defendant incorporates by reference its responses to paragraphs 1-21 of Plaintiff's Complaint as though the same were set forth herein at length.

22. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

23. Denied as stated.

24. Denied as stated.

25. Denied as stated.

26. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

27. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

28. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

29. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

30. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

31. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

32. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

WHEREFORE, answering defendant respectfully request judgment in their favor and against all other parties.

## SECOND COUNT
### Plaintiff v. Defendants Guarini, Seibert, Bodnar, Klinovski, Hehnly and Wolfe

Answering Defendant incorporates by reference the allegations set forth in paragraphs 1-32 as though the same were set forth herein at length. All the averments of this count are denied by answering defendant as they are addressed to parties' other then answering defendant.

33. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

34. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

35. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

36. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

37. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

38. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

39. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

40. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

41. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

42. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

WHEREFORE, answering defendant respectfully request judgment in their favor and against all other parties.

### THIRD COUNT
### Plaintiff v. Defendant Paxton

Answering Defendant incorporates by reference the allegations set forth in paragraphs 1-42 as though the same were set forth herein at length. All the averments of this count are denied by answering defendant as they are addressed to parties' other then answering defendant.

43. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

44. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

45. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

46. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

47. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

48. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

49. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

50. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

51. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

WHEREFORE, answering defendant respectfully request judgment in their favor and against all other parties.

### FOURTH COUNT
### Plaintiff v. Municipal Defendants Warden Guarini and Lancaster County

Answering Defendant incorporates by reference the allegations set forth in paragraphs 1-51 as though the same were set forth herein at length. All the averments of this count are denied by answering defendant as they are addressed to parties' other then answering defendant.

52. (a - c). Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are

denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

53. (a – e). Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

54. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

55. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

56. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

57. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

58. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

59.     Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

60.     Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

61.     Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

62.     Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

63.     Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

64.     Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, the averments of this paragraph are specifically denied as stated.

WHEREFORE, answering defendant respectfully request judgment in their favor and against all other parties.

## FIFTH COUNT
## Plaintiff v. Defendant Hinkson

Defendant incorporates by reference its responses to paragraphs 1-64 of Plaintiff's Complaint as though the same were set forth herein at length.

65. Admitted in part; Denied in part. It is admitted only that James G Hinkson, Jr. was employed as a correctional officer at Lancaster County Prison. The remaining averments are denied as conclusions of law.

66. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

WHEREFORE, answering defendant respectfully request judgment in their favor and against all other parties.

## SIXTH COUNT
## Plaintiff v. All Defendants

Defendant incorporates by reference its responses to paragraphs 1-66 of Plaintiff's Complaint as though the same were set forth herein at length.

67. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

68. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

WHEREFORE, answering defendant respectfully request judgment in their favor and against all other parties.

## SEVENTH COUNT
### Plaintiff v. Hinkson, Guarini, Seibert, Bodnar, Klinovski, Hehnly, Wolfe, and Paxton

Defendant incorporates by reference its responses to paragraphs 1-68 of Plaintiff's Complaint as though the same were set forth herein at length.

69. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

70. Denied. Answering defendant states that corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied.

WHEREFORE, answering defendant respectfully request judgment in their favor and against all other parties.

## EIGHTH COUNT
### Jury Demand

Defendant incorporates by reference its responses to paragraphs 1-70 of Plaintiff's Complaint as though the same were set forth herein at length.

71. Answering defendant demands a Jury of twelve persons.

WHEREFORE, answering defendant respectfully request judgment in their favor and against all other parties.

## ANSWERING DEFENDANTS AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

## THIRD AFFIRMATIVE DEFENSE

Any injury or damage sustained by plaintiff was a direct and proximate result of plaintiff's conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or otherwise subject to reduction by reason of plaintiff's contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

Neither, by act, or failure to act on the part of defendant, violated any of plaintiff's constitutional rights.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or otherwise subject to reduction by the doctrines of res judicata and/or collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all the rights, privileges and immunities granted pursuant to the Constitution and laws of the United Sates and the Commonwealth of Pennsylvania.

### EIGHTH AFFIRMATIVE DEFENSE

At no time material hereto did answering defendant, act in bad faith or in an unreasonable, extreme, willful, wanton, outlandish, outrageous, and or malicious manner.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damage as a result of any omission by answering defendant.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims as against answering defendant for punitive damages are limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth, and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are not recognizable claims under either Federal or Pennsylvania Commonwealth law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the doctrine of "unclean hands."

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to absolute and/or qualified immunity with respect to plaintiff's claims.

### FITHTEENTH AFFIRMATIVE DEFENSE

The alleged action and/or inaction on the part of the defendant did not rise to the level of constitutional violation and therefore, the plaintiff did not suffer any infringements of his constitutional rights. The action and conduct of the defendant did not violate any clearly

established constitutional or federal statutory right of which the defendant reasonably should have been aware

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of assumption of risk, contributory negligence, laches, release, res judicata, statute of limitations, and waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff was afforded all constitutional protections to which he was entitled at the time of his incarceration.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies prior to bringing suit and his Complaint is barred by the Prison Litigation Reform Act.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Prison Litigation Reform Act.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege any cognizable claims for any punitive damages against Answering Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant plead as an affirmative defense all limitations on causes of action, including any and all limitations on damages imposed by the Prison Litigation Reform Act of 1995 as amended, U.S.C. 1997(e)(a).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fails to state a claim or cause of action for violation of Plaintiff's Eighth and/or Fourteenth Amendment rights to the United States Constitution.

WHEREFORE, Answering Defendant, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and enter judgment in their favor with the allowable costs of this action.

BY: James G. Hinkson, Jr.

Defendant
122 Robin Lane
Apt J3
Hummelstown, PA 17036-8228

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUIS RIVERA MARQUEZ         :         NO. 5:08-CV-05152-JS
        VS.                :
LANCASTER COUNTY ET AL.     :

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Answer with Affirmative Defenses to the following person in the manner as required under the Federal Rules of Civil Precedure on

**June 19, 2009**

Kevin C. Allen, Esquire
CRYSTLE, ALLEN & BRAUGHT, LLC
143 North Duke Street
Lancaster, PA 17601
**Attorney for Plaintiff**

Christine E. Munion, Esquire
WILLIAM J. FERREN & ASSOCAITES
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
**Attorney for Co-Defendants**


BY: James G. Hinkson, Jr.

_____
Defendant
122 Robin Lane
Apt J3
Hummelstown, PA 17036-8228